UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HARLAN CULBERTSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:07-CR-67 |
| | ) | NO: 2:11-CV-81 |
| UNITED STATES OF AMERICA, | ) | Judge Greer |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a motion to vacate set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Harlan Culbertson ("petitioner" or "Culbertson"). For the following reasons, the § 2255 motion will be denied and this action will be dismissed.

**I. Procedural And Factual Background**

On July 10, 2007, the federal grand jury for the Eastern District of Tennessee returned a one count indictment against Culbertson charging him with possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), [Doc. 1]. Culbertson was found guilty by a jury, [Doc. 14], and was sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e), to a within Guidelines range sentence of 240 months on May 5, 2008, [Doc. 30]. Judgment was entered on May 15, 2008, [Doc. 31], and Culbertson's notice of appeal was filed the same day, [Doc. 32]. The judgment was affirmed by the Sixth Circuit Court of Appeals on February 22, 2010, [Doc. 38].

The predicate offenses for sentencing Culbertson as an armed career criminal were (1) a 2002 conviction for possession of cocaine with intent to distribute in the Circuit Court for Bristol,

Virginia; and (2) three 2003 felony convictions for possession of cocaine with intent to distribute in the Circuit Court for Bristol, Virginia. The 2003 convictions were for offenses committed on April 25, 2002, May 8, 2002, and May 13, 2002.

## II. Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also*

*United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. Analysis And Discussion

In support of his § 2255 motion to vacate, Culbertson raises two issues: (1) counsel was ineffective for failing to argue for application of Amendment 709 to USSG § 4A1.2(a)(2); and (2) counsel was ineffective for failing to argue for a downward departure pursuant to USSG § 4A1.3. The government opposes relief on either ground.

With respect to the second issue raised, *i.e.* failure to argue USSG § 4A1.3, petitioner, in his reply, now concedes that his argument is "frivolous" and without merit and that he is not entitled to relief on this ground. The Court, therefore, will not discuss the second issue further.

With respect to the first issue, Culbertson argues that he should not have been sentenced as an armed career criminal. While acknowledging the requirements of § 924(e) as well as the prior convictions set forth above, petitioner argues that, under Amendment 709, effective November 1, 2007, his prior sentences, imposed on March 14, 2003, should not have been counted separately and, as a result, he had only two prior convictions for a serious drug offense, not the three required by

3

18 U.S.C. § 924(e).

The Armed Career Criminal Act (ACCA) requires a mandatory minimum sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). As noted above, petitioner was determined to be an armed career criminal and sentenced as such on the basis of prior convictions for offenses committed on July 27, 2001, April 25, 2002, May 8, 2002 and May 13, 2002. Culbertson argues that counsel was ineffective because he failed to bring to the Court's attention Amendment 709, which modified USSG § 4A1.2(a)(2) of the Sentencing Guidelines, and which, he argues, applies to criminal defendants sentenced under the ACCA. Amendment 709 altered the procedure for counting multiple prior sentences in determining a defendant's criminal history score. As amended by Amendment 709, § 4A1.2(a)(2) now reads, in relevant part:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

USSG 4A1.2(a)(2). Culbertson argues that his offenses committed on April 25, 2002, May 8, 2002, and May 13, 2002 were all imposed on the same day, *i.e.* March 14, 2003, and should not count separately for purposes of the ACCA.

Culbertson has confused the manner in which a defendant's criminal history is calculated under USSG § 4A1.2(a)(2) with the question of whether a defendant is an armed career criminal

4

under 18 U.S.C. § 924(e)(1). Petitioner was correctly classified as an armed career criminal under § 924(e)(1). Each of the prior serious drug offenses were "committed on occasions different from one another." "As long as the offenses were committed on separate occasions, it does not matter, for purposes of determining a defendant's eligibility under § 924(e)(1), whether they were adjudicated together or combined for sentencing." *United States v. Player*, 201 Fed. App'x 331, 336 n.1 (6th Cir. 2006). The amendments to USSG §§ 4A1.1 and 4A1.2, affected by Amendment 709, do not alter the section of the Guidelines dealing specifically with the sentencing of armed career criminals, let alone the ACCA. Nothing in Amendment 709 changed the statutory definition of an armed career criminal nor did it alter the manner in which the ACCA is interpreted. *United States v. Bailey*, 264 Fed. App'x 480, 483-84 (6th Cir. Feb. 14, 2008), cert. denied, 554 U.S. 909. *See also United States v. Taylor*, 301 Fed. App'x 508, 521 (6th Cir. 2008) (rejecting defendant's argument that "the standard in the Sentencing Guidelines for computing a defendant's criminal history category should also be applied in determining whether there are three separate convictions under the ACCA." ).

Because petitioner was correctly classified as an armed career criminal, it would have been futile for counsel to have argued otherwise and failure to do so was not ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

### IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate,

set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be DENIED and the motion DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined the petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability.

A separate judgment will enter.


ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE